**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Case No. 1:18-cv-02868-DDD-SKC

PAULETTE HARPER,

    Plaintiff,

v.

BIOLIFE ENERGY SYSTEMS, INC.,
LINKUP MEDIA GROUP OF COMPANIES, INC.,
CHRYSTAL COMBS,
HONEYCOMBS HERBS AND VITAMINS, LLC, and
HONEYCOMBS INDUSTRIES, LLC,

    Defendants.

## ORDER ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DISMISSING CASE

On April 30, 2020, the Court dismissed claims against three co-defendants, finding Plaintiff's claims against them were time-barred. (Doc. 39.) Their dismissal left Biolife Energy Systems ("Biolife") and Linkup Media Group of Companies, Inc. ("Linkup") (collectively, "Defendants") as the only remaining Defendants. But Plaintiff, after nearly two years of litigation so far, has failed to serve these Defendants. Most recently, the Court referred "Plaintiff's Motion for Order Declaring Service of Process Complete" to Magistrate Judge Crews for a recommendation. (Docs. 40, 42.)

In the resulting recommendation, Judge Crews documented the Court's growing exasperation with Plaintiff's failure to execute service. In sum,

> The Court has twice warned Plaintiff that her failure to serve the Defendants could result in the dismissal of her claims against them. [#16 ("Plaintiff shall show cause in writing why the case should not be dismissed against the Defendants who have not answered or entered an appearance for failure to serve in accordance with F.R.C.P. 4(m)."; #35 ("[I]f Plaintiff intends to attempt service on the remaining Defendants, she must file a motion on or before May 1, 2020, demonstrating good cause as to why the deadline for service ought to be extended yet again. If she does not, this Court will recommend that those Defendants be dismissed for failure to serve.").]

(Recommendation, Doc. 48, at 7.) Judge Crews further recapped Plaintiff's most recent service attempts and why the Court "remains unpersuaded that Plaintiff has exercised due diligence in her attempts to serve these Defendants." (*Id.* at 4; *see also generally id.*) Judge Crews, therefore, recommended that this case be dismissed pursuant to Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

Generally, in "the absence of a timely objection, the district court may review a magistrate [judge]'s report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72(b)(2).

Here, no timely objection has been filed, and the Court agrees with the recommendation. There is no clear error on the face of the record. The motion (Doc. 40) is **DENIED**. The recommendation (Doc. 48) is **ADOPTED IN FULL**. This case is **DISMISSED** without prejudice.

Dated: May 28, 2020.                    BY THE COURT:

                                        Daniel D. Domenico
                                        United States District Judge